UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PLATFORMS WIRELESS INTERNATIONAL, CORP., et. al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 04CV2105 JM (AJB)<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION AND ORDERING FURTHER BRIEFING** |
|---|---|

**BACKGROUND**

　　　　This is a Securities and Exchange Commission ("SEC") enforcement action against Platforms Wireless International Corporation ("Platforms") and its individual officers for violations of § 5 of the Securities Act of 1933 and §10b of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder. The court has granted the SEC summary judgment on all of its claims with the exception of the Rule 10b-5 claim against defendant Charles Nelson. On May 2, 2007, the court vacated the pretrial conference and trial dates so that the parties could pursue settlement discussions as to the remaining claim against Nelson. A status conference is set for July 20, 2007.

　　　　Pending before the court is the SEC's motion, filed April 30, 2007, for an order entering final judgment. The SEC also requests clarification of the court's April 25, 2007 order granting in part and denying in part the SEC's motion summary judgment on Rule 10b-5 liability. The court construes the

request for clarification as a timely motion for reconsideration of its April 25th order. See CivLR 7.1(i)(2).

**Motion for Reconsideration**

First, the SEC requests that the court decide the amounts to be disgorged by defendants Platforms and William C. Martin for their violations of § 5 of the Securities Act, and the attendant penalties, on which the court had ordered supplemental briefing. See Jan. 8, 2007 Order. The court has since decided those amounts in an order filed April 30, 2007. The issue is therefore moot.

Second, the SEC requests that the court clarify whether by the April 25th order the court intended to permanently enjoin Platforms and Martin from further violations of § 10(b) and Rule 10b-5. A review of that order indicates that the court was under the erroneous assumption that by enjoining Platforms and Martin from future violations of § 5 in its January 8th order, there was no need to also enjoin these defendants from further Rule 10b-5 violations in its April 25th order. See Apr. 27, 2007 Order at 16. Therefore, the court hereby enjoins Platforms and Martin from further violating § 10b of the Exchange Act and Rule 10b-5.

Third, the SEC requests clarification as to whether prejudgment interest is to be imposed on all disgorgement amounts, contending that the court thus far has only addressed the issue of prejudgment interest as to Draper's violation of § 5 as set forth in the January 8th order. The court has already, however, in its April 30th order (filed the same day the present motion for reconsideration was filed), awarded prejudgment interest against Platforms and Martin for their § 5 violation. See Apr. 30th Order at 6. As to all other orders of disgorgement made in this case, the court agrees with the SEC that prejudgment interest should be imposed in order to prevent defendants from profiting from their violations of the federal securities laws. SEC v. Manor Nursing Ctrs., Inc., 458 F.2d 1082, 1105 (2d Cir. 1972). There is no reason to impose prejudgment interest on some amounts disgorged but not all.

Defendants argue that prejudgment interest cannot be ordered when the defendants are jointly and severally liable for amounts disgorged because some of the liable defendants did not actually profit (by earning interest) on the amounts the court is now ordering be disgorged. This argument, however, conflates the concept of disgorgement, which is a remedy designed to prevent retention of

illegally-earned profits, <u>SEC v. First Pacific Bancorp</u>, 142 F.3d 1186, 1191 (9th Cir. 1998), and the concept of joint and several liability, which imposes liability based on parties working in concert to commit wrongs regardless of which party actually retains possession of the ill-gotten gains. Defendants' argument therefore lacks merit.

Fourth and finally, the parties dispute as to the proper amount of prejudgment interest to be awarded on the Rule 10b-5 violations. The SEC's proposed order includes prejudgment interest amounts, but the SEC has not provided any evidence showing how these amounts were calculated.[1] The SEC contends it has used the same interest rate calculation approved by the court in connection with the earlier motion for partial summary judgment on § 5 liability. Those calculations on the § 5 violations, however, were supported by the declaration of Jennifer Leete, Branch Chief in the Division of Enforcement of the SEC in Washington, D.C. and co-counsel in this action.[2] There is no such declaration or other evidence supporting the SEC's proposed prejudgment interest on amounts disgorged on the Rule 10b-5 claims as set forth in the SEC's proposed order entering final judgment. Defendants challenge the SEC's prejudgment interest amounts as overstated and offer their own calculations, but admit that Defendants' proffered calculations are "not exact and are intended solely to show the error in the Commission's calculation of prejudgment interest." Oppo. at 6. In sum, the evidence currently before the court is insufficient to rule on how much prejudgment interest should be awarded on the amounts disgorged for the Rule 10b-5 violations. The court will therefore defer ruling on the matter until further briefs are filed as set forth at the end of this order.

**Entry of Final Judgment**

Next, the SEC moves for an order entering final judgment. The court is unable to enter final judgment until the prejudgment interest issue above is resolved. Therefore, the court will defer ruling on the motion until the supplemental briefing is complete.

///

---

[1] By contrast, the SEC submitted, when it moved for summary judgment on § 5 liability, a declaration by counsel detailing how prejudgment interest was calculated on the § 5 violations. <u>See</u> Docket No. 40.

[2] Leete's declaration provided detailed, line-by-line information on how prejudgment interest was calculated as to the amounts disgorged on the § 5 claims.

One issue raised in the current papers which the court is able to resolve now, however, is the issue of what statutory language should be used when the court enters the penny stock bar. The parties agree that when the court enters final judgment, it should use the statutory language of § 5, § 10(b) and Rule 10b-5 to enjoin further violations of these provisions. The parties dispute, however, whether the penny stock bar issued by the court pursuant to the Securities Enforcement Remedies and Penny Stock Reform Act of 1990 ("Remedies Act"), 15 U.S.C. § 78u(d)(6), should use the current version of § 78u(d)(6), which was amended in 2002, or whether the prior version of the statute should control since the violations here occurred pre-amendment (in 2000 and 2001).

Defendants contend the current version imposes a broader bar by prohibiting not only participation in an offering of penny stock, but also "engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of, any penny stock." § 78u(d)(6)(B). Defendants further contend that using the current version of § 78u(d)(6) is an impermissible retroactive application of the statute as set forth in Koch v. SEC, 177 F.3d 784, 789 (9th Cir. 1999). The SEC responds by arguing that since the penny stock bar is a forward-looking remedy, application of the statute in its current form is permitted. Landgraf v. USI Film Products, 511 U.S. 244, 273 (1994) ("When the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive.").

In Koch, the Ninth Circuit applied Landgraf, supra, and held that the SEC could not impose a penny stock bar on the defendant (a power which it did not have prior to enactment of the Remedies Act) for violations occurring before the Remedies Act became effective. Koch, 177 F.3d at 789. This was because "barring Koch from trading in penny stocks for the rest of his life increases the consequences of [his] pre-[Remedies] Act conduct" and therefore "the Remedies Act does not authorize the SEC to impose a penny stock bar on an individual whose alleged misconduct predated enactment of [the Remedies Act provision permitting the SEC to impose penny stock bars]." Id.

The Ninth Circuit noted in Koch, however, that Landgraf recognizes an exception to the presumption against statutory retroactivity "'[w]hen the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive[.]'" Id. at 789, n.3. The Ninth Circuit did not address this exception in Koch because the SEC did not raise it. Id. Here,

1  the SEC has raised the exception, see Reply at 2, and since the penny stock bar affects prospective
2  relief, the exception is applicable. Therefore, the court will employ the current version of § 78u(d)(6)
3  when it enters final judgment after further briefing is complete.

4  **CONCLUSION**

5      To summarize, the court:

6      (1) **DENIES AS MOOT** the SEC's motion for reconsideration as to amounts disgorged and
7  penalties to be paid therewith by Platforms and Martin for their violations of § 5 of the Securities Act;

8      (2) **ENJOINS** Platforms and Martin from future violations of § 10b of the Securities and
9  Exchange Act of 1934 and Rule 10b-5 thereunder;

10     (3) **ORDERS** that prejudgment interest be imposed on all amounts disgorged in this case; and

11     (4) **ORDERS** the SEC to file and serve a supplemental brief, limited to four pages, addressing
12 the sole issue of why its calculations of prejudgment interest on the amounts ordered disgorged in
13 connection with the Rule 10b-5 violations are correct. The SEC must provide evidentiary support
14 (e.g., a declaration) showing how it calculated prejudgment interest. The SEC's brief must be filed
15 no later than ten (10) days from the date this order is entered. Defendants may file a response, limited
16 to four pages, no later than ten (10) days after being served with the SEC's brief. The SEC may file
17 a reply limited to three pages no later than four (4) days after being served with Defendants' response.
18 Any supporting documents will not be counted toward the page limits, although the court strongly
19 encourages the parties to refrain from filing lengthy exhibits, declarations, and the like. Thereafter
20 the court will take the present motion for entry of final judgment under submission and issue a written
21 order in due course.

22     **IT IS SO ORDERED.**

23 DATED: July 2, 2007

                                                      Hon. Jeffrey T. Miller
                                                      United States District Judge

26 cc: All Parties