JAMES A. KIDNEY (Lead Attorney)
JENNIFER S. LEETE
MATTHEW W. HEFFERAN
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549
Telephone: (202) 551-4441 (Kidney)
Facsimile: (202) 772-9245

LOCAL COUNSEL
Molly White (Cal. Bar No. 171448)
Securities and Exchange Commission
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036-3648
Telephone (323) 965-3998
Facsimile: (323) 954-3908

FILED

07 JUL 31 AM 9:05

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PLATFORMS WIRELESS INTERNATIONAL CORP, INC., WILLIAM C. MARTIN, CHARLES C. NELSON, ROBERT PERRY and FRANCOIS DRAPER,<br><br>Defendants. | Case No. 04 CV 2105 JM (AJB)<br><br>FINAL JUDGMENT AS TO DEFENDANTS PLATFORMS WIRELESS INTERNATIONAL CORP., INC., WILLIAM C. MARTIN, ROBERT PERRY AND FRANCOIS DRAPER<br><br>[Deleted: AMENDED [PROPOSED]] |

This Court, in Orders granting in part and denying in part motions for summary judgment by the plaintiff, the Securities and Exchange Commission ("the Commission") has found defendants Platforms Wireless International Corp. Inc. ("Platforms"), William C. Martin ("Martin") and Francois Draper ("Draper") liable for violations of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a) ("the Securities Act") and Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("the Exchange Act") and Rule 10b-5 [17 C.F.R. § 240.10b-5]

promulgated thereunder. In addition, the Court has found defendant Robert Perry ("Perry") liable for violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. See Orders dated January 8 and April 25, 2007. Based upon these findings and Orders, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

## I.

Defendants Platforms and Martin, their agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act by, directly or indirectly, in the absence of any applicable exemption:

    A.    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    B.    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    C.    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order (prior to the

effective date of the registration statement) in any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

Defendants Platforms, Martin and Draper, their agents, servants, employees, attorneys-in-fact, successors, and assigns and all those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and they hereby are permanently restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

  A. to employ any device, scheme, or artifice to defraud; or

  B. to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  C. to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)]:

3

A. Defendant Martin is prohibited, for eight (8) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

B. Defendant Draper is prohibited, for seven (7) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act; and

C. Defendant Perry is prohibited, for four (4) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act; and.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

A. Defendant Martin is prohibited for eight (8) years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock; and

B. Defendant Draper is prohibited for seven (7) years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock; and

C. Defendant Perry is prohibited for four (4) years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1]; and

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

A. Defendant Platforms is ordered to disgorge, jointly and severally with defendants Draper and Martin, $402,920 and jointly and severally with Martin $1,353,941 for amounts realized from violations of Section 5 of the Securities Act, and with prejudgment interest thereon in the amounts of $121,303 and $428,049, for a total of $524,223 and $1,781,990, respectively.

B. Defendant Martin is ordered to disgorge $701,236 representing his individual liability for amounts realized from his violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, together with prejudgment interest thereon in the amount of $296,968, for a total of $998,204. He is also ordered to disgorge, jointly and severally with defendants Platforms and Draper, $402,920, and, jointly and severally with defendant Platforms, $1,353,941, as amounts realized for violations of Section 5 of the Exchange Act, with prejudgment interest thereon in the amounts of $121,303 and $428,049, for a total of $524,223 and $1,781,990, respectively.

C. Defendant Draper is ordered to disgorge $402,920, for amounts realized as a result of his violations of Section 5 of the Securities Act, together with prejudgment interest thereon in the amount of $121,303, for a total of $524,223.

D. Defendant Perry is ordered to disgorge $105,657, representing monies gained as a result of his violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, together with prejudgment interest thereon in the amount of $45,734, for a total of $151,391.

**VI.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

Pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. 15 § 78u(d)(3)], defendants shall pay a civil monetary penalty in the following amounts:

A. Defendant Martin shall pay a penalty of $50,000 for his violations of Section 5 of the Securities Act and $40,000 for his violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and;

B. Defendant Draper shall pay a penalty of $20,000 for his violations of Section 5 of the Securities Act and $80,000 for his violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and;

C. Defendant Perry shall pay a penalty of $40,000 for his violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and;

D. Defendant Platforms shall pay a penalty of $125,000 for its violations of Section 5 of the Securities Act.

**VII.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that:

Defendants shall satisfy their disgorgement and civil penalty obligations described in paragraphs V and VI by paying the required total amounts within ten business days from the entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying the defendant in this action; setting forth

the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. A photocopy of the letter and payment shall simultaneously be delivered to James A. Kidney, Esq., Assistant Chief Litigation Counsel, Securities and Exchange Commission, Stop 4010, 100 F St., NE, Washington, D.C. 200549-4010. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __7/30__, 2007

_____
UNITED STATES DISTRICT JUDGE