FILED

'08 DEC 19 PM 4: 25

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____  DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No. 04 CV 2105 JM (AJB) |
| Plaintiff, | AMENDED FINAL JUDGMENT AS TO DEFENDANT FRANCOIS M. DRAPER |
| vs. | |
| PLATFORMS WIRELESS INTERNATIONAL CORP, INC., ET. AL., | |
| Defendants. | |

Defendant Francois M. Draper ("Draper") has been found liable in this civil enforcement action brought by the Securities and Exchange Commission ("the Commission") for violation of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a) ("the Securities Act"), and sanctions were imposed upon him based thereon. Orders dated January 8, 2007, and August 6, 2007. Defendant Draper also has consented, without admitting or denying the allegation, to entry of a permanent injunction prohibiting him from violating in the future Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §10b-5, and for certain additional relief as provided herein. A consent to entry of an Amended Final Judgment and executed by defendant Draper is attached.

Therefore, based on this Court's Orders of January 8, 2007, and August 6, 2007, and upon consent of the parties:

### I.

The Court finds that defendant Draper admits to proper service of the Complaint in this matter, admits to the Court's jurisdiction over the defendant and the subject matter of the Complaint, consents to the entry of this Amended Final Judgment, waives findings of fact and

conclusions of law, and admits to and does not further contest this Court's finding of liability for violating Section 5 of the Securities Act and imposing remedies of disgorgement, prejudgment interest, and a civil penalty.  Defendant Draper waives any right he may have to appeal the Court's Order finding him liable for violating Section 5 of the Securities Act.  Further, Defendant Draper has consented, without admitting or denying liability, to entry of a permanent injunction against further violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and four-year officer-director and penny stock bars, as well as other relief described herein.  With the exception of the disgorgement of $402,920, and prejudgment interest of $121,303, for which Defendant Draper is jointly and severally liable with co-defendants William C. Martin and Platforms Wireless International, and the civil penalty of $20,000 for which Defendant Draper is individually liable, such amounts having been imposed by prior Orders of this Court, all other relief as to Draper is superseded by this Amended Final Judgment.

## II.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Draper and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act , 15 U.S.C. § 77t(e), Defendant Draper is prohibited, for four years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Draper is barred for a period of four years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R.240.3a51-1.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to this Court's Order of January 8, 2007, finding him liable for violating Section 5 of

the Securities Act, Defendant Draper remains jointly and severally liable with co-defendants

William C. Martin and Platforms Wireless International for disgorgement of $402,920 and

prejudgment interest on that amount of $121,303.  Based on Defendant's sworn representations

in his Statement of Financial Condition dated July 15, 2008, and other documents and

information submitted to the Commission, however, the Commission has agreed that the

disgorgement and prejudgment interest shall be deemed satisfied upon the payment of $14,000 of

the disgorgement and prejudgment interest amounts, due to Defendant Draper's current financial

condition.  The Court, in reliance on the Commission's investigation of Defendant Draper's

financial condition, will therefore deem its disgorgement and prejudgment interest Order as to

Defendant Draper satisfied by payment of $14,000 by Defendant Draper.  In the event Draper

fails to pay the sums due as disgorgement, prejudgment interest and civil penalty in accordance

with Paragraph VI, then the full amount of disgorgement, prejudgment interest, any post-

judgment interest, as well as the civil penalty, shall be due immediately.    If at any time

following the entry of this Amended Final Judgment the Commission obtains information

indicating that Defendant Draper's representations to the Commission in Defendant Draper's

Statement of Financial Condition concerning his assets, income, liabilities, or net worth were

fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such

representations were made, the Commission may, at its sole discretion and without prior notice

to Defendant Draper, petition the Court for an order requiring Defendant Draper to pay the full

amount of the monetary sanctions, including any post-judgment interest thereon.  In connection

with any such petition, the only issue shall be whether the financial information provided by

Defendant Draper was fraudulent, misleading, inaccurate, or incomplete in any material respect

as of the time such representations were made.  In its petition, the Commission may move this

4

Court to consider all available remedies, including, but not limited to, ordering Defendant Draper to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Amended Final Judgment.  The Commission may also request additional discovery.  Defendant Draper may not, by way of defense to such petition:  (1) challenge the validity of the Consent or this Amended Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment interest, penalty and post-judgment interest should not be ordered; (4) contest the amount of disgorgement, pre-judgment interest, penalty and post-judgment interest; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

This Amended Final Judgment shall not in any way relieve co-defendants William C. Martin and Platforms Wireless International of joint and several liability for disgorgement and pre-judgment interest as provided for in the Court's prior Orders .

### VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to the Court's Order of January 8, 2007,  Defendant Draper shall pay a civil penalty in the amount of $20,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Draper shall make this payment and the $14,000 partial disgorgement payment identified in paragraph V within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission in the amount of $34,000.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Draper as a defendant in this action; setting forth the

title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment, with $20,000 intended as payment of the civil penalty and $14,000 payable as disgorgement.  A photocopy of this letter and of the check making payment shall simultaneously be delivered to James A. Kidney, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F. St., N.E., Washington, D.C. 20549-4010.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** than, in the event Defendant Draper fails to pay the sums due herein, the full amount of disgorgement, prejudgment interest, penalty and post-judgment interest shall be due immediately.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that defendant Draper waives any right he may have to appeal from the entry of Final Judgment.

## IX.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __12/19__, 2008

UNITED STATES DISTRICT JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

    vs.

PLATFORMS WIRELESS
INTERNATIONAL CORP, INC., ET. AL.,

      Defendants.

Case No. 04 CV 2105 JM (AJB)

**CONSENT OF FRANCOIS M. DRAPER**

1.    Defendant Francois M. Draper ("Draper") acknowledges to having been served with the Complaint ("Complaint") in this action, to having entered an appearance, and to having admitted the Court's jurisdiction over him and over the subject matter of this action.

2.    Defendant Draper acknowledges and does not further contest this Court's Order dated January 8, 2007 finding him liable as to the First Claim in the Complaint for violating Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e(a).

3.    Defendant Draper consents to the entry of an Amended Final Judgment As to Defendant Francois M. Draper in the form attached hereto (the "Amended Final Judgment"), which incorporates the relief ordered by the Court in its January 8, 2007 Order, including the civil penalty affirmed by the Court in its August 6, 2007 Order. The January 8, 2007 Order requires Defendant Draper to disgorge, jointly and severally with defendants William C. Martin and Platforms Wireless International Corp., Inc., $402,920, and to pay prejudgment interest in the amount of $121,303 for violations of Section 5 of the Securities Act. The Court's prior



orders also require Defendant Draper to pay a penalty of $20,000 for his violations of Section 5 of the Securities Act.

4.     Defendant has submitted a sworn and notarized Statement of Financial Condition and supporting documents intended to prove to the satisfaction of the Commission that he is financially unable to satisfy the disgorgement and pre-judgment interest amounts ordered by the Court.  In consideration of his sworn statement, the Commission agrees to deem the amounts ordered as disgorgement and pre-judgment interest, imposed by the order of January 8, 2007, to be satisfied by the payment of $14,000 of those amounts in the attached proposed Amended Final Judgment, provided that full payment is made of the $20,000 civil penalty imposed by the January 8, 2007 order and affirmed by the order of August 6, 2007.

5.     Defendant further consents that if at any time following the entry of the Amended Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning Defendant's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the full amounts of the disgorgement, pre-judgment interest, penalty, and post-judgment interest thereon.  In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made.  In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Amended Final Judgment.  The Commission may also request additional discovery.  Defendant may not,

2



1   by way of defense to such petition: (1) challenge the validity of this Consent or the Amended

2   Final Judgment; (2) contest the allegations in the Complaint; (3) assert that payment of

3   disgorgement, pre-judgment interest, penalty, or post-judgment interest should not be ordered;

4   (4) contest the amount of disgorgement, pre-judgment interest, penalty, or post-judgment

5   interest; or (5) assert any defense to liability or remedy, including but not limited to any statute

6   of limitations defense.

7
8       6.      Defendant agrees that he shall not seek or accept, directly or indirectly,

9   reimbursement or indemnification from any source, including but not limited to payment made

10  pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

11  pursuant to the Amended Final Judgment, regardless of whether such penalty amounts or any

12  part thereof are added to a distribution fund or otherwise used for the benefit of investors.

13  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit

14  with regard to any federal, state, or local tax for any penalty amounts that Defendant pays

15  pursuant to the Amended Final Judgment, regardless of whether such penalty amounts or any

16  part thereof are added to a distribution fund or otherwise used for the benefit of investors.

17
18      7.      Without admitting or denying the allegations of the Second Claim in the

19  Complaint (except as to personal and subject matter jurisdiction, which Draper admits), Draper

20  hereby consents to the entry of the Amended Final Judgment which, permanently enjoins him

21  from future violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.

22  §78j(b) and Rule 10b-5 thereunder, 17 C.F.R. 240.10b-5, prohibits him from acting as an officer

23  or director of any issuer for (4) years pursuant to Section 21(d)(2) of the Exchange Act [15

24  U.S.C. § 78u(d)(2)], and prohibits him participating in an offering of penny stock for (4) years.

25
26
27
28

3



8. Draper waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Draper waives the right, if any, to a jury trial and to appeal from the entry of the Amended Final Judgment.

10. Draper enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Draper to enter into this Consent.

11. Draper agrees that this Consent shall be incorporated into the Amended Final Judgment with the same force and effect as if fully set forth therein.

12. Draper waives service of the Amended Final Judgment and agrees that entry of the Amended Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Draper of its terms and conditions. Draper further agrees to provide counsel for the Commission, within thirty days after the Amended Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Draper has received and read a copy of the Amended Final Judgment.

13. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Draper in this civil proceeding. Draper acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Draper waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

4



14.     Draper understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. §202.5(e).  In compliance with this policy, Draper agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Draper hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Draper breaches this agreement, the Commission may petition the Court to vacate the Amended Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Draper's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

15.     Draper hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996 or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by Draper to defend against this action.  For these purposes, Draper agrees that it is not the prevailing party in this action since the parties have reached a good faith settlement.

16.     Draper agrees that the Commission may present the Amended Final Judgment to



the Court for signature and entry without further notice.

17.   Draper agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Amended Final Judgment.

Dated: _28 October , 2008_

FRANCOIS M. DRAPER

On _October 28th_ , 2008, Francois M. Draper, a person known to me, personally
appeared before me and acknowledged executing the foregoing Consent with full authority to do
so on behalf of _____ as its _____

Notary Public

Commission expires: _IS FOR LIFE_

Me ROBERT SENÉCAL, Notaire
755 boul. St-Jean, Bureau 406
Pointe-Claire (Québec) H9R 5M9
Tél.: (514) 697-9025
Fax: (514) 694-7138

Approved as to form:

Robert Knuts, Esq.
Allen & Overy LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 610-6321
Facsimile: (212) 610-6399

6